<u>**NOT FOR PUBLICATION**</u>

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| VICTOR DENIS,<br><br>        Plaintiff,<br><br>    v.<br><br>NATIONSTAR MORTGAGE LLC d/b/a MR. COOPER,<br><br>        Defendant. | Case No. 2:25-cv-13553 (BRM) (MAH)<br><br>**OPINION** |

**MARTINOTTI, DISTRICT JUDGE**

Before this Court is *pro se* Plaintiff Victor Denis's ("Plaintiff") Motion for Default Judgment as to Defendant Nationstar Mortgage LLC d/b/a Mr. Cooper ("Nationstar") pursuant to Federal Rule of Civil Procedure ("Rule") 55(b) (ECF No. 5) and Nationstar's Cross-Motion[1] to Dismiss the Complaint (ECF No. 1) for Insufficient Service of Process pursuant to Rule 12(b)(5) (ECF No. 6). Plaintiff filed an Opposition in response to Nationstar's Cross-Motion to Dismiss. (ECF No. 7.) The Court has jurisdiction under 28 U.S.C. § 1331.[2] Having reviewed and considered the submissions filed in connection with the motions and having declined to hold oral argument in accordance with Rule 78(b), for the reasons set forth below and for good cause shown, Plaintiff's

---

[1] Although Nationstar does not specifically identify their motion as a "cross-motion," the motion includes an opposition to Plaintiff's Motion for Default Judgment. (*See* ECF No. 6 at 8.) Therefore, the Court will treat the motion as a cross-motion rather than a distinct and separate motion pursuant to Local Civil Rule 7.1(h).

[2] The cause of action arises under federal law—*i.e.*, the Fair Credit Reporting Act, 15 U.S.C. § 1681, et seq. (*See generally* ECF No. 1.)

Motion for Default Judgment is **DENIED** and Nationstar's Cross-Motion to Dismiss is **DENIED**. Plaintiff will have sixty days to properly serve Nationstar.

## I. BACKGROUND

For the purpose of this motion, the Court attempts to glean the factual allegations through liberal construction of the Complaint and accepts those allegations as true drawing all inferences in the light most favorable to the *pro se* plaintiff. *See Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008); *Alexander v. Gennarini*, 144 F. App'x 924, 926 (3d Cir. 2005); *see also Cooke v. Experian Info. Sols., Inc.*, Civ. A. No. 22-05375, 2024 WL 1142214, at *2 (D.N.J. Mar. 15, 2024) ("When considering a motion to dismiss the complaint of a *pro se* litigant, courts must bear in mind that such pleadings are held to less stringent standards than more formal pleadings drafted by lawyers."); *Huff v. Atl. Cnty. Just. Facility*, Civ. A. No. 20-9761, 2021 WL 307303, at *2 (D.N.J. Jan. 29, 2021) ("Court personnel reviewing *pro se* pleadings are charged with the responsibility of deciphering why the submission was filed, what the litigant is seeking, and what claims she may be making." (quoting *Higgs v. Att'y Gen. of the U.S.*, 655 F.3d 333, 339–40 (3d Cir. 2011))); *but see Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) ("[P]ro se litigants still must allege sufficient facts in their complaints to support a claim. And they still must serve process on the correct defendants. At the end of the day, they cannot flout procedural rules—they must abide by the same rules that apply to all other litigants." (internal citations omitted)). The Court also considers any "document integral to or explicitly relied upon in the complaint." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997) (quoting *Shaw v. Digit. Equip. Corp.*, 82 F.3d 1194, 1220 (1st Cir. 1996)).

### A. Factual Background

On February 28, 2019, Plaintiff entered into a mortgage loan with non-party Movement Mortgage, LLC relating to the real property located at 14 Brian Road, Edison, New Jersey. (ECF No. 1 ¶ 7; ECF No. 6-5.) On August 21, 2019, Movement Mortgage assigned the mortgage to Nationstar. (ECF No. 6-7.)

Between 2023 and 2024, Nationstar reported to credit reporting agencies that Plaintiff was thirty days late on six mortgage payments. (ECF No. 1 ¶¶ 8–9; *see, e.g.*, ECF No. 7 at 7.) Specifically, Nationstar reported Plaintiff was thirty days late in May 2023, June 2023, October 2023, January 2024, March 2024, and May 2024. (ECF No. 1 ¶¶ 8–9.) As a result, Nationstar "increased Plaintiff's escrow balance and attempted to inflate Plaintiff's required monthly payment" (*id.* ¶ 11); and non-party PNC Bank declined Plaintiff's refinancing application (*id.* ¶ 15.)

Plaintiff, however, alleges he timely paid each of these six mortgage payments. (*Id.* ¶ 10; *see e.g.*, ECF No. 7 at 8–9.) Although Plaintiff subsequently filed a formal complaint with the Consumer Financial Protection Bureau ("CFPB") and "disputes with one or more consumer reporting agencies," Plaintiff claims Nationstar has failed to conduct a reasonable investigation or to correct the error. (ECF No. 1 ¶¶ 13–14.)

### B. Procedural History

On July 21, 2025, Plaintiff filed his Complaint against Nationstar alleging a single cause of action—violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* (ECF No. 1.) Plaintiff subsequently mailed a copy of the Summons and Complaint to Nationstar "by certified mail, return receipt requested" (ECF No. 7 at 2; *accord* ECF No. 5-1), which identified Plaintiff

3

as the server on the return receipt. (*See* ECF No. 5-1.) On August 8, 2025, the Summons and Complaint was delivered, which was signed for by an individual named "Kobow."[3] (*Id.* at 2.)

On September 19, 2025, Plaintiff filed both a Request for Entry of Default[4] (ECF No. 4) and a Motion for Default Judgment[5] (ECF No. 5). In response, Nationstar filed a Cross-Motion to Dismiss for insufficient service of process on September 26, 2025. (ECF No. 6.) On September 29, 2025, the Clerk's Office denied the Request for Default as the request was submitted without the referenced proof of service and could not be granted absent same. (Clerk's Entry dated Sept. 29, 2025.) On October 7, 2025, Plaintiff filed an Opposition to Nationstar's Cross-Motion to Dismiss. (ECF No. 7.) At this time, Plaintiff has not submitted the referenced proof of service.

## II.   LEGAL STANDARD

### A.   Rule 55(a)

Rule 55(a) requires the Clerk's Office to enter default against a party whom a judgment for affirmative relief is sought when the party "has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." *Wahab v. New Jersey Dep't of Env't Prot.*, Civ. A. No. 12-6613, 2017 WL 4790387, at *2 (D.N.J. Oct. 24, 2017). Moreover, "entry of default by the Clerk under Rule 55(a) constitutes a general prerequisite for a subsequent default judgment under Rule 55(b)." *Husain v. Casino Control Com'n*, 265 F. App'x 130, 133 (3d Cir. 2008).

---

[3] The given name of the individual who signed the mailpiece is partly obscured and generally illegible. (*See* ECF No. 5-1 at 2.)

[4] The Request for Default alleges a proof of service was filed with this Court on September 16, 2025. (*See* ECF No. 4 at 1, ¶ 2.) A review of the electronic case file does not support same. However, a proof of service was filed in support of the Motion for Default Judgment on September 19, 2025. (*See generally* ECF No. 5-1.)

[5] The Motion for Default Judgment alleges an entry of default was entered against Nationstar on September 15, 2[0]25. (*See* ECF No. 5 at 1, ¶ 4.) A review of the electronic case file does not support same.

4

**B.    Rule 55(b)**

Once the Clerk makes an entry of default, Rule 55(b) "authorizes courts to enter a default judgment against a properly served defendant who fails to file a timely responsive pleading." *La. Counseling & Family Servs., Inc. v. Makrygialos, LLC*, 543 F. Supp. 2d 359, 364 (D.N.J. 2008) (citing Fed. R. Civ. P. 55(b)(2)). The district court, rather than the Clerk, must enter the judgment where the amount is not a sum certain or cannot be made certain by computation. Fed. R. Civ. P. 55(b).

The Third Circuit generally disfavors default judgment. *Budget Blinds, Inc. v. White*, 536 F.3d 244, 258 (3d Cir. 2008). While entry of a default judgment is within the district court's discretion, cases should "be disposed of on the merits whenever practicable." *Hritz v. Woma Corp.*, 732 F.2d 1178, 1181 (3d Cir. 1984) (citing *Tozer v. Charles A. Krause Milling Co.*, 189 F.2d 242, 244 (3d Cir. 1951)).

Prior to entering a default judgment, the Court is required to: "(1) determine it has jurisdiction both over the subject matter and parties; (2) determine whether Defendants have been properly served; (3) analyze the Complaint to determine whether it sufficiently pleads a cause of action; and (4) determine whether the plaintiff has proved damages." *Moroccanoil, Inc. v. JMG Freight Grp. LLC*, Civ. A. No. 14-5608, 2015 WL 6673839, at *1 (D.N.J. Oct. 30, 2015). In addition, the Court must make explicit factual findings as to: "(1) whether the party subject to default has a meritorious defense, (2) the prejudice suffered by the party seeking default, and (3) the culpability of the party subject to default." *Doug Brady, Inc. v. N.J. Bldg. Laborers Statewide Funds*, 250 F.R.D. 171, 177 (D.N.J. 2008); *see also Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000) ("[These] [t]hree factors control whether a default judgment should be granted[.]").

Generally, courts treat all pleadings and allegations of a plaintiff as true on a motion for default judgment. *See Comdyne I, Inc. v. Corbine*, 908 F.2d 1142, 1149 (3d Cir. 1990). However, the Court is not required to accept a plaintiff's conclusions of law and, therefore, "it remains for the [C]ourt to consider whether the unchallenged facts constitute a legitimate cause of action" against defendants. *Directv, Inc. v. Asher*, Civ. A. No. 03-1969, 2006 WL 680533, at *1 (D.N.J. Mar. 14, 2006) (quoting 10A Charles A. Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 2688, at 58–59 (3d ed. 1998)).

### C.     Rule 12(b)(5)

"Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied." *Omni Cap. Int'l Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987).

Rule 12(b)(5) allows a party to file a motion to dismiss based on insufficient service of process. *Moses v. Amazon.com.dedc LLC*, Civ. A. No. 16-8675, 2019 WL 7293590, at *2 (D.N.J. Dec. 30, 2019). "When a party moves to dismiss under Rule 12(b)(5), the party making the service has the burden of demonstrating its validity." *Disantis v. Allied Constr., LLC*, Civ. A. No. 17-11379, 2018 WL 3647210, at *3 (D.N.J. 2018) (quoting *Laffey v. Plousis*, Civ. A. No. 05-2796, 2008 WL 305289, at *3 (D.N.J. Feb. 1, 2008), *aff'd*, 364 F. App'x 791 (3d Cir. 2010)). Any dismissals under this Rule must be without prejudice. *White v. Vydia, Inc., Music Distribs. Cos.*, Civ. A. No. 22-02716, 2023 WL 3675957, at *2 (D.N.J. May 26, 2023).

Pursuant to Rule 4, "[i]f a defendant is not served within 90 days after the complaint is filed, the court . . . must dismiss the action without prejudice against that defendant or order that service be made within a specified time." *Moses*, 2019 WL 7293590, at *2 (quoting Fed. R. Civ. P. 4(m)). A "summons—or a copy of a summons that is addressed to multiple defendants—must

6

be issued for each defendant to be served." *See Serfess v. Equifax Credit Info. Servs., LLC*, Civ. A. No. 13-406, 2015 WL 501972, at *2 (D.N.J. Feb. 5, 2015) (quoting Fed. R. Civ. P. 4(b)). Additionally, "[a] summons must be served with a copy of the complaint." Fed. R. Civ. P. 4(c)(1).

As noted above, a court generally does not have jurisdiction over a defendant if there has been insufficient process or service of process. *Salaam v. Merlin*, Civ. A. No. 08-1248, 2009 WL 2230925, at *3 (D.N.J. July 22, 2009) (holding "service of process was insufficient for jurisdiction over the party to attach"); *Sunoco v. Mid-Atl. Region Retailer Compliance Ctr.*, Civ. A. No. 10-4941, 2012 WL 2870871, at *2 (D.N.J. July 12, 2012) ("Properly serving a summons that does not comply with Rule 4 for lack of signature or seal fails to confer personal jurisdiction, and a properly issued summons containing signature and seal fails to confer personal jurisdiction if service is not in compliance with the Rules."); *Omni Cap. Int'l Ltd.*, 484 U.S. at 104. "A pro se plaintiff's ignorance of the requirements of [R]ule 4[ ] do[es] not constitute good cause for failure to comply." *Sykes v. Blockbuster Inc./Viacom*, Civ. A. No. 04-6260, 2006 WL 286785, at *1 (D.N.J. Feb. 3, 2006), *aff'd sub nom., Sykes v. Blockbuster Video*, 205 F. App'x 961 (3d Cir. 2006) (citing *Carlton v. Bullet*, Civ. A. No. 85-3546, 1989 WL 125365, at *2 (D.N.J. Oct. 16, 1989)).

### III.   DECISION

#### A.   Plaintiff's Motion for Default Judgment

Plaintiff requests the Court to enter default judgment as "[m]ore than 35 days have elapsed since service, and [Nationstar] ha[s] failed to answer, move, or otherwise respond to the Complaint."[6] (ECF No. 5 ¶ 3.) Plaintiff claims default judgment is appropriate as he "requested

---

[6] Plaintiff's claim Nationstar was required to respond within 35 days appears to be based on the New Jerey Rules of Court, which require a defendant to respond within 35 days after service. *See* N.J. Ct. R. 4:6-1. Pursuant to Rule 12(a)(1)(A)(i), a defendant has 21 days after service to respond to a complaint.

and obtained an Entry of Default against [Nationstar]." (*Id.* ¶ 4.) In response, Nationstar argues entry of default judgment in inappropriate as the motion "included neither an affidavit of service nor proof that Nationstar waived service." (ECF No. 6-1 at 6.)

Pursuant to Rule 55, "[o]btaining a default judgment is a two-step process." *Ming Wu v. Putra*, Civ. A. No. 19-18807, 2021 WL 1997375, at *1 (D.N.J. May 19, 2021). First, if a defendant fails to file an answer or a motion to defend within the time prescribed under the Rules, *see* Fed. R. Civ. P. 12(a)(1)(A)(i), a plaintiff may request the clerk to enter default under Rule 55(a). In support of same, a plaintiff is required to submit an affidavit with proofs demonstrating "the defendant has been served with the summons and complaint in accordance with the rules governing such service." *See Reardon v. Hillman*, Civ. A. No. 18-1296, 2018 WL 1665700, at *4 (D.N.J. Apr. 6, 2018), *aff'd*, 735 F. App'x 45 (3d Cir. 2018) (quoting *Bey v. Bruey*, Civ. A. No. 09-1092, 2009 WL 961411, at *4 (D.N.J. Apr. 8, 2009)). "The clerk's function [in deciding whether to enter default] is not perfunctory. Before entering a default, the clerk must examine the affidavits filed and find that they meet the requirements of Rule 55(a)." *Bey*, 2009 WL 961411, at *4 (alteration in original) (quoting *Federal Practice and Procedure* § 2682 at p. 19). Therefore, neither the Clerk's Office nor the Court should enter default absent proof there has been a sufficient service of process. *See, e.g., Anderson v. Mercer County Sheriff's Dept.*, Civ. A. No. 11-7620, 2013 WL 5703615 at *3 (D.N.J. Oct. 17, 2013) ("The entry of default 'when there has been no proper service of the complaint is *a fortiori* void, and should be set aside.'" (quoting *Gold Kist, Inc. v. Laurinburg Oil Co.*, 756 F. 2d 14, 19 (3d Cir. 1985)).

If either the Clerk's Office or the Court enters default, *then* the plaintiff may move to obtain default judgment under Rule 55(b). In other words, an entry of default is a required pre-requisite to obtain a default judgment under Rule 55. *Husain*, 265 F. App'x at 133 ("Prior to obtaining a

default judgment under either Rule 55(b)(1) or Rule 55(b)(2), there must be an entry of default as provided by Rule 55(a)."); *accord Zurich Am. Ins. Co. v. CMS Logistics, Inc.*, Civ. A. No. 24-5793, 2025 WL 1043432, at *1 (D.N.J. Apr. 8, 2025).

Here, Plaintiff filed simultaneously his Request for Entry of Default and Motion for Default Judgment on September 19, 2025. (ECF Nos. 4, 5.) Therefore, the Motion for Default Judgment was filed prior to the entry of default in conflict with the two-step process for same under Rule 55. *See Husain*, 265 F. App'x at 133 (requiring an entry of default to be entered as a *prerequisite* to filing a motion for default judgment). More importantly, the Request for Entry of Default was filed without proof of service and denied. (*See generally* ECF No. 4.) The Clerk's Office subsequently denied the request and advised Plaintiff that default could not be entered absent proof of service. (Clerk's Entry dated Sept. 29, 2025.) At this time, Plaintiff has failed to supplement the Request for Entry of Default. Accordingly, the entry of default judgment is inappropriate at this time as the Request for Entry of Default was denied and Plaintiff has failed to supplement his request with the required proof of service. *See also infra* Section III.B (finding Plaintiff cannot demonstrate sufficient service of process at this time).

Based on the foregoing, Plaintiff's Motion for Default Judgment is **DENIED**.

### B.   Nationstar's Cross-Motion to Dismiss

Nationstar requests the Court to dismiss the Complaint for insufficient service of process under Rule 12(b)(5). (*See generally* ECF No. 6 at 3–6.) Specifically, Nationstar claims Plaintiff's attempted service of process by mailing a copy of the Summons and Complaint to Nationstar by certified mail is procedurally improper under the Federal Rules of Civil Procedure (*id.* at 4); the New Jersey Rules of Court (*id.* at 4–5); and Texas Rules of Civil Procedure (*id.* at 5–6). In response, Plaintiff argues "service was properly affected in compliance with [Rule] 4(e)(1) and

9

Texas Rules of Civil Procedure 103 and 106(a)(2)." (ECF No. 7 at 1.) Specifically, Plaintiff claims he "served Nationstar by certified mail, return receipt requested, directed to its registered agent for services of process in Texas. The return receipt was signed, and the proof of service was filed with the Court." (*Id.* at 1.)

As discussed, a court generally does not have jurisdiction over a defendant if there has been an insufficient service of process. *Omni Cap. Int'l Ltd.*, 484 U.S. at 104. The appropriate method to properly effect service of process, however, differs depending on the circumstances. *See* Fed. R. Civ. P. 4(e), (f), (g) (serving an individual); Fed. R. Civ. P. 4(h) (serving a corporation, partnership, or association); Fed. R. Civ. P. 4(i), (j) (serving a government entity). The party making the service bears the burden of demonstrating its sufficiency. *Disantis*, 2018 WL 3647210, at *3 (quoting *Laffey*, 2008 WL 305289, at *3).

Nationstar is an LLC. (*See* ECF No. 1 ¶ 2.) Pursuant to Rule 4(h)(1)(B), a plaintiff may effect service of process upon an LLC by having an individual, "who is at least [eighteen] years old and *not a party* [to the action]," Fed. R. Civ. P. 4(c)(2) (emphasis added), personally deliver a copy of the summons and complaint "to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process," Fed R. Civ. P. 4(h)(1)(B). Alternatively, a plaintiff may effect service by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." *See* Fed. R. Civ. P. 4(e)(1), (h)(1)(A).

Here, the record establishes Plaintiff attempted to serve Defendants by mailing a copy of the Summons and Complaint to Nationstar by certified mail, which identified Plaintiff as the server on the return receipt. (ECF No. 7 at 2; *accord* ECF No. 5-1.) On August 8, 2025, the Summons and Complaint were delivered to and signed for by "Kobow." (ECF No. 5-1 at 2.) This attempted

10

service of process, however, is procedurally improper under the first possible method of service as Plaintiff "was identified as the server on the return receipt submitted to the District Court," *Touray v. Middlesex Cnty.*, 139 F. App'x 428, 430 (3d Cir. 2005); *accord Cutchins v. Home Depot Corp.*, Civ. A. No. 23-353, 2024 WL 5146885, at *3 (D.N.J. Dec. 17, 2024); *see also* Fed. R. Civ. P. 4(c)(2) (requiring service of process to be effected by an individual who is "not a party" to the action); "service by mail, alone, is insufficient to effectuate service in accordance with Rule 4(h)." *Mite v. Bray*, Civ. A. No. 22-6665, 2024 WL 1376052, at *2–4 (D.N.J. Mar. 28, 2024) (citing *Mettle v. First Union Nat'l Bank*, 279 F. Supp. 2d. 598, 602 (D.N.J. 2003)); *see also* Fed. R. Civ. P. 4(h)(1)(B) (requiring personal service); and the record does not indicate "Kobow" was "an officer, a managing or general agent, or any other agent authorized by [Nationstar] . . . to receive service of process," Fed. R. Civ. P. 4(h)(1)(B); *Grand Entm't Grp. v. Star Media Sales*, 988 F.2d 476, 488 (3d Cir. 1993) ("[T]he party asserting the validity of service bears the burden of proof on that issue.").

Similarly, this attempted service of process is procedurally improper under the second possible method, *i.e.*, under the state laws of either New Jersey—the state where this Court is located—or Texas—where the attempted service was made.

11

    **1.**    **New Jersey**[7]

Pursuant to New Jersey Rule of Court 4:4-4(a)(6), a plaintiff may effect service of process upon an LLC by having an individual, "not having a direct interest in the [action]," N.J. Ct. R. 4:4-3(a), personally deliver a copy of the summons and complaint to "any officer, director, trustee or managing or general agent, or any person authorized by appointment or by law to receive service of process on behalf of the corporation, or on a person at the registered office of the corporation in charge thereof" N.J. Ct. R. 4:4-4(a)(6). *Accord Mite*, 2024 WL 1376052, at *3. However, the New Jersey Supreme Court has permitted service of process "on corporate representatives other than those enumerated in the previsions of New Jersey Rule of Court 4:4-4(a)[(6)]." *Moore v. Diversified, Inc.*, Civ. No. 20-11017, 2021 WL 11586107, at *2–3 (D.N.J. Jan. 12, 2021), *report and recommendation adopted*, Civ. A. No. 20-11017, 2021 WL 11586108 (D.N.J. Jan. 28, 2021) (citing *O'Connor v. Altus*, 67 N.J. 106, 127 (1975)).

Applying a two-pronged test to determine the sufficiency of service on a corporate representative, "courts have approved service on New Jersey corporations via a number of representatives, including a part-time receptionist, an office manager, a Director of Human Resources, an assistant . . . manager, and the receptionist of a managing agent." *Id.* (internal citations omitted). Although New Jersey Rule of Court 4:4-4(a)(6) provides for alternative

---

[7] Plaintiff does not argue service was properly affected in compliance with the New Jersey Rules of Court. (*See generally* ECF No. 7.) The Court, however, will review whether the attempted service of process was sufficient under New Jersey law as this issue inherently impacts the exercise of personal jurisdiction and, as such, the Court is permitted to review the issue *sua sponte*. *See, e.g.*, *Peters v. U.S. Dep't of Hous. & Urb. Dev.*, Civ. A. No. 04-6057, 2006 WL 278916, at *2 (D.N.J. Feb. 1, 2006) ("[I]f the defendants have not waived a defense based upon personal jurisdiction, the Court may *sua sponte* consider whether it lacks jurisdiction over the defendants due to insufficient service of process.").

methods to effect service of process, these methods are only available if the plaintiff can establish "service cannot be made on any of th[e]se persons." N.J. Ct. R. 4:4-4(a)(6).

Here, Plaintiff was identified as the server on the return receipt. (ECF No. 7 at 2; *accord* ECF No. 5-1.) Therefore, the attempted service of process is procedurally improper under the New Jersey Rules of Court. *See* N.J. Ct. R. 4:4-3(a) (requiring service of process by an individual "not having a direct interest in the [action]").

### 2. Texas

Pursuant to Texas Rule of Civil Procedure 106, a plaintiff may effect service of process upon an LLC by having an individual, "who is [not] a party to or interested in the outcome of a[n] [action]," Tex. R. Civ. P. 103, personally deliver a copy of the summons and complaint to an agent of the corporation, Tex. R. Civ. P. 106(a)(1); *see also* Tex. Bus. Orgs. Code Ann. § 5.255 ("For the purpose of service of process, notice, or demand . . . each manager of a manager-managed domestic or foreign [LLC] and each member of a member-managed domestic or foreign [LLC] is an agent of that [LLC]."). *Accord Mite*, 2024 WL 1376052, at *3–4. Alternatively, *the clerk of the court* may effect service of process by "mailing to the defendant by registered or certified mail, return receipt requested, a copy of the citation and of the petition," Tex. R. Civ. P. 103, 106(a)(2); *see, e.g.*, *Perkins v. S&R Gold & Silver Exch., LLC*, Civ. A. No. 21-1437, 2022 WL 658563, at *2 (N.D. Tex. Mar. 4, 2022) ("Service by registered or certified mail by an attorney, rather than the clerk, is insufficient to satisfy Rule 103 and 106."). Although Texas Rule of Civil Procedure 106(b) provides for alternative methods to effect service of process, these methods are only available if the plaintiff can demonstrate "service ha[d] been attempted under [Texas Rules of Civil Procedure 106](a)(1) or (a)(2) . . . but ha[d] not been successful."

13

Here, Plaintiff was identified as the server on the return receipt. (ECF No. 7 at 2; *accord* ECF No. 5-1.) Therefore, the attempted service of process is procedurally improper under the Texas Rules of Civil Procedure. *See* Tex. R. Civ. P. 103 (requiring service of process by an individual "who is [not] a party to or interested in the outcome of a[n] [action]").

Accordingly, the record establishes Plaintiff's attempted service of process by mailing a copy of the Summons and Complaint to Nationstar by certified mail is procedurally improper under Rule 4(h). The Court has discretion either to dismiss the action without prejudice or to order Plaintiff to effect service of process within a certain time. *See* Fed. R. Civ. P. 4(m). The Court finds good cause to extend the time for service and to order Plaintiff to effect service of process within sixty days.

Based on the foregoing, Nationstar's Cross-Motion to Dismiss for insufficient service of process is **DENIED**.

IV. **CONCLUSION**

For the reasons set forth above, Plaintiff's Motion for Default Judgment (ECF No. 5) is **DENIED** and Nationstar's Cross-Motion to Dismiss (ECF No. 6) is **DENIED**. Plaintiff will have sixty days to properly serve Nationstar. An appropriate order follows.

**Date: January 13, 2026**                                    */s/ Brian R. Martinotti*
                                                              **HON. BRIAN R. MARTINOTTI**
                                                              **UNITED STATES DISTRICT JUDGE**