**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| VICTOR DENIS,<br><br>Plaintiff,<br><br>v.<br><br>NATIONSTAR MORTGAGE LLC d/b/a MR. COOPER,<br><br>Defendant. | Case No. 2:25-cv-13553 (BRM) (MAH)<br><br>**OPINION** |

**MARTINOTTI, DISTRICT JUDGE**

Before this Court is Defendant Nationstar Mortgage LLC d/b/a Mr. Cooper's ("Defendant") Motion to Dismiss (the "Motion") (ECF No. 22) *pro se* Plaintiff Victor Denis' ("Plaintiff") Complaint (ECF No. 1) pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6). Plaintiff filed an Opposition (ECF No. 25), and Defendant filed a Reply (ECF No. 28). The Court has jurisdiction under 28 U.S.C. § 1331.[1] Having reviewed and considered the submissions filed in connection with the Motion and having declined to hold oral argument in accordance with Rule 78(b), for the reasons set forth below and for good cause shown, Defendant's Motion to Dismiss the Complaint is **GRANTED** and the Complaint is **DISMISSED WITHOUT PREJUDICE**.

[1] The cause of action arises under federal law—*i.e.*, the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* (*See* ECF No. 1.)

## I. Background

For the purpose of this Motion, the Court attempts to glean the factual allegations through liberal construction of the Complaint in light of Plaintiff's *pro se* status and accepts those allegations as true drawing all inferences in the light most favorable to him. *See Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008); *Alexander v. Gennarini*, 144 F. App'x 924, 926 (3d Cir. 2005); *see also Cooke v. Experian Info. Sols., Inc.*, Civ. A. No. 22-05375, 2024 WL 1142214, at *2 (D.N.J. Mar. 15, 2024) ("When considering a motion to dismiss the complaint of a *pro se* litigant, courts must bear in mind that such pleadings are held to less stringent standards than more formal pleadings drafted by lawyers."); *Huff v. Atl. Cnty. Just. Facility*, Civ. A. No. 20-9761, 2021 WL 307303, at *2 (D.N.J. Jan. 29, 2021) ("Court personnel reviewing *pro se* pleadings are charged with the responsibility of deciphering why the submission was filed, what the litigant is seeking, and what claims she may be making." (quoting *Higgs v. Att'y Gen. of the U.S.*, 655 F.3d 333, 339–40 (3d Cir. 2011))); *but see Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) ("[*P*]*ro se* litigants still must allege sufficient facts in their complaints to support a claim. And they still must serve process on the correct defendants. At the end of the day, they cannot flout procedural rules—they must abide by the same rules that apply to all other litigants." (internal citations omitted)). The Court also considers any "document integral to or explicitly relied upon in the complaint." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997) (quoting *Shaw v. Digit. Equip. Corp.*, 82 F.3d 1194, 1220 (1st Cir. 1996)).

### A. Factual Background

On February 28, 2019, Plaintiff entered into a mortgage loan with non-party Movement Mortgage, LLC relating to the real property located at 14 Brian Road, Edison, New Jersey. (ECF

No. 1 ¶ 7; ECF No. 6-5.) On August 21, 2019, Movement Mortgage assigned the mortgage to Nationstar. (ECF No. 6-7.)

Between 2023 and 2024, Nationstar reported to credit reporting agencies that Plaintiff was thirty days late on six mortgage payments. (ECF No. 1 ¶¶ 8–9; *see, e.g.*, ECF No. 7 at 7.) Specifically, Nationstar reported Plaintiff was thirty days late in May 2023, June 2023, October 2023, January 2024, March 2024, and May 2024. (ECF No. 1 ¶¶ 8–9.) As a result, Nationstar "increased Plaintiff's escrow balance and attempted to inflate Plaintiff's required monthly payment" (*id.* ¶ 11); and non-party PNC Bank declined Plaintiff's refinancing application (*id.* ¶ 15.)

Plaintiff, however, alleges he timely paid each of these six mortgage payments. (*Id.* ¶ 10; *see, e.g.*, ECF No. 7 at 8–9.) Although Plaintiff subsequently filed a formal complaint with the Consumer Financial Protection Bureau ("CFPB") and "disputes with one or more consumer reporting agencies," Plaintiff claims Nationstar has failed to conduct a reasonable investigation or to correct the error. (ECF No. 1 ¶¶ 13–14.)

**B. Procedural History**

On July 21, 2025, Plaintiff filed his Complaint against Nationstar alleging a single cause of action—violation of 15 U.S.C. § 1681s-2(b) ("Section 1681s-2(b)"). (ECF No. 1.) Plaintiff subsequently mailed a copy of the Summons and Complaint to Nationstar "by certified mail, return receipt requested" (ECF No. 7 at 2; *accord* ECF No. 5-1), which identified Plaintiff as the server on the return receipt. (*See* ECF No. 5-1.)

On September 19, 2025, Plaintiff filed both a request for entry of default under Rule 55(a) (ECF No. 4) and a motion for default judgment under Rule 55(b) (ECF No. 5). On September 26, 2025, Defendant filed a cross-motion to dismiss for insufficient service of process pursuant to Rule

12(b)(5). (ECF No. 6.) On September 29, 2025, the Clerk's Office denied the request for default as the request was submitted without proof of service. (Clerk's Entry dated Sept. 29, 2025.) Plaintiff filed an opposition to the cross-motion to dismiss on October 7, 2025. (ECF No. 7.)

On January 13, 2026, the Court denied both Plaintiff's motion for default judgment and Defendant's cross-motion to dismiss and ordered Plaintiff to properly serve Defendant within sixty days. (ECF Nos. 10, 11; *see also* ECF No. 15 (extending the time to properly serve Defendant by an additional thirty days).) On April 17, 2026, the Summons and Complaint was properly served. (*See* ECF No. 18.)

On June 11, 2026, Defendant filed the Motion to Dismiss the Complaint pursuant to Rule 12(b)(6). (ECF No. 22; *see also* ECF No. 21 (extending the time to respond to the Complaint).) Plaintiff filed his Opposition on June 24, 2026 (ECF No. 25; *see also* ECF No. 24 (extending the time to respond to the Motion)), and Defendant filed its Reply on July 2, 2026 (ECF No. 28).

## II. Legal Standard

In deciding a motion to dismiss pursuant to Rule 12(b)(6), a district court is "required to accept as true all factual allegations in the complaint and draw all inferences from the facts alleged in the light most favorable to [the non-moving party]." *Phillips*, 515 F.3d at 228. "[A] complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). However, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555 (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957); and then quoting Fed. R. Civ. P. 8(a)(2)). A court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986). Instead, assuming the factual allegations in the complaint are true, those "[f]actual

allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (citing *Twombly*, 550 U.S. at 556). This "plausibility standard" requires the complaint to allege "more than a sheer possibility that a defendant has acted unlawfully," but it "is not akin to a 'probability requirement.'" *Id.* at 678 (citing *Twombly*, 550 U.S. at 556). "[D]etailed factual allegations" are not required, but "more than an unadorned, the-defendant-unlawfully-harmed-me accusation" must be pled; it must include "factual enhancement" and not just conclusory statements or a "recitation of the elements of a cause of action." *Id.* (quoting *Twombly*, 550 U.S. at 555, 557). In assessing plausibility, the court may not consider any "[f]actual claims and assertions raised by a defendant." *Doe v. Princeton Univ.*, 30 F.4th 335, 345 (3d Cir. 2022).

"Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* (quoting Fed. R. Civ. P. 8(a)(2)). Indeed, after *Iqbal*, conclusory or "bare-bones" allegations will no longer survive a motion to dismiss: "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 678 (citing *Twombly*, 550 U.S. at 555). To prevent dismissal, all civil

complaints must set out "sufficient factual matter" to show the claim is facially plausible, allowing "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556, 570). The Supreme Court's ruling in *Iqbal* emphasizes a plaintiff must show the allegations of his or her complaint is plausible. *See id.* at 670.

While, generally, the court may not consider anything beyond the four corners of the complaint on a motion to dismiss pursuant to Rule 12(b)(6), the Third Circuit has held "a court may consider certain narrowly defined types of material without converting the motion to dismiss [to one for summary judgment pursuant to Rule 56]." *In re Rockefeller Ctr. Props. Sec. Litig.*, 184 F.3d 280, 287 (3d Cir. 1999). Specifically, courts may consider any "document *integral to or explicitly relied* upon in the complaint." *In re Burlington Coat Factory*, 114 F.3d at 1426 (quoting *Shaw*, 82 F.3d at 1220). However, "[w]hen the truth of facts in an 'integral' document are contested by the well-pleaded facts of a complaint, the facts in the complaint must prevail." *Princeton Univ.*, 30 F.4th at 342.

## III. DECISION

Defendant moves to dismiss the Complaint for failure to state a claim pursuant to Rule 12(b)(6). (ECF No. 22.) Defendant argues the Complaint fails to sufficiently plead the necessary elements of an FCRA claim under Section 1681s-2(b). (*See* ECF No. 22-3 at 4–10.) In response, Plaintiff argues the Complaint sufficiently pleads the necessary elements and, alternatively, requests leave to amend. (*See* ECF No. 25 at 1–3.)

Section 1681s-2(b) is "the only section [of the FCRA] that can be enforced by a private citizen seeking to recover damages caused by a furnisher of information." *SimmsParris v. Countrywide Fin. Corp.*, 652 F.3d 355, 358 (3d Cir. 2011). To state a claim under Section 1681s-2(b), a plaintiff must sufficiently allege the following four elements: (1) "the [defendant] furnisher

communicated inaccurate information to a credit reporting agency"; (2) "the consumer sent notice of disputed information to a [credit reporting agency] under [15 U.S.C.] § 1681i"; (3) "the [credit reporting agency] subsequently notified the defendant furnisher of the dispute under [15 U.S.C.] § 1681i(a)(2)"; and (4) "the [defendant] furnisher failed to investigate and modify the inaccurate information." *Floyd v. Upgrade, Inc.*, Civ. A. No. 25-12151, 2026 WL 1803512, at *5 (D.N.J. June 23, 2026); *see also Cabrera v. Nazor*, Civ. A. No. 23-2745, 2024 WL 310523, at *5 (D.N.J. Jan. 25, 2024) (recognizing the three traditional elements of a Section 1681s-2(b) claim); *Scarbo v. Wisdom Fin.*, Civ. A. No. 20-5355, 2022 WL 309161, at *6 (E.D. Pa. Feb. 2, 2022), *aff'd*, No. 22-1398, 2022 WL 16829371 (3d Cir. Nov. 9, 2022) (recognizing the threshold element the furnished information be inaccurate as "[a]bsent an inaccuracy, the consumer cannot satisfy the statutory requirement of actual damages or Article III's requirement of actual damages or concrete harm" (internal quotation marks omitted)).

A Section 1681s-2(b) claim, however, "is not without limitations." *SimmsParris*, 652 F.3d at 358. It is well-established the duties placed on a defendant furnisher to investigate and modify inaccurate information under "this subsection are implicated only '[a]fter [the defendant furnisher] receiv[es] notice pursuant to section 1681i(a)(2),'" which "must be given by a credit reporting agency, and cannot come directly from the consumer." *Id.* (quoting 15 U.S.C. § 1681s–2(b)(1)); *accord Cabrera*, 2024 WL 310523, at *5.

Here, the Complaint alleges Defendant inaccurately reported to credit reporting agencies that Plaintiff was late on mortgage payments for the months of May 2023, June 2023, October 2023, January 2024, March 2024, and May 2024. (ECF No. 1 ¶¶ 8–10.) In response, Plaintiff disputed the inaccurate information to Defendant (*id.* ¶¶ 11–12), the Consumer Financial Protection Bureau (*id.* ¶ 13), and "one or more consumer reporting agencies" (*id.* ¶ 14). The

Complaint, however, fails to identify the consumer reporting agencies that Plaintiff allegedly disputed the inaccurate information to pursuant to 15 U.S.C. § 1681i or demonstrate any of the consumer reporting agencies subsequently notified Defendant of the dispute under 15 U.S.C. § 1681i(a)(2) (*see generally id.*), as required to sufficiently state a claim under Section 1681s-2(b), *see Floyd*, 2026 WL 1803512, at *5; *see also SimmsParris*, 652 F.3d at 358. Although the Opposition subsequently identifies the consumer reporting agency as Experian (*see* ECF No. 25 at 4; *see also id.* at 9–14 (attaching Experian dispute investigation results)), "[i]t is axiomatic that [a] complaint may not be amended by the briefs in opposition to a motion to dismiss," *Frederico v. Home Depot*, 507 F.3d 188, 201–02 (3d Cir. 2007). Accordingly, even providing Plaintiff with the benefit of all favorable inferences, the Complaint does not allege sufficient facts to demonstrate the necessary elements to state a claim under Section 1681s-2(b).

Based on the foregoing, Defendant's Motion to Dismiss is **GRANTED** and the Complaint is **DISMISSED WITHOUT PREJUDICE**.[2] Plaintiff may file an amended complaint within thirty (30) days of the accompanying Order addressing the deficiencies identified in this Opinion.

[2] The decision to grant leave to amend rests within the sound discretion of the trial court. *Zenith Radio Corp. v. Hazeltine Rsch. Inc.*, 401 U.S. 321, 330 (1970). An amendment is futile if it "is frivolous or advances a claim . . . that is legally insufficient on its face." *Harrison Beverage Co. v. Dribeck Imp., Inc.*, 133 F.R.D. 463, 468 (D.N.J. 1990). To evaluate futility, the Court uses "the same standard of legal sufficiency" as applied to a motion to dismiss under Rule 12(b)(6). *Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000). As the Court does not find the Section 1681s-2(b) claim to be legally insufficient at this time, an amendment of the Complaint is not clearly futile and "denial of leave to amend is improper." *Id.*

## IV. CONCLUSION

For the reasons set forth above, Defendant's Motion to Dismiss the Complaint (ECF No. 22) pursuant to Rule 12(b)(6) is **GRANTED** and the Complaint (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE** with leave to amend limited to curing the deficiencies addressed in this Opinion. An appropriate order follows.

**Date: August 6, 2026**

***/s/ Brian R. Martinotti***
**HON. BRIAN R. MARTINOTTI**
**UNITED STATES DISTRICT JUDGE**